[Civ. No. 16037. Second Dist., Div. One. Mar. 9, 1948.]

CHARLES GARBEDIAN, Appellant, v. GOGIAN AVOCADO COMPANY et al., Respondents.

David S. Smith for Appellant.

Joseph Duchowny for Respondents.

DORAN, J.—The action herein sought an accounting and dissolution of a partnership. At the conclusion of plaintiff's case, a motion for nonsuit was granted. From the judgment that followed, plaintiff appeals.

■ Appellant contends that "a prima facie case as to the formation and existence of the partnership was adduced through testimony and documentary evidence"; that, "the right to the relief prayed for was established by ample evidence."

Respondent takes the position that "It is necessary, in order to determine whether or not the court properly made its judgment of nonsuit, to determine,

"(1) Did the appellant prove the existence of a copartnership?

"(2) If the appellant proved the existence of a copartnership, was the copartnership dissolved and a final accounting rendered?

"(3) If the appellant failed to make out a *prima facie* case of the existence of a copartnership, or, if he did make out a *prima facie* case of the existence of a copartnership but failed to make out a *prima facie* case to the effect that there had not been a dissolution and final accounting of the copartnership, was the court justified in granting the motion for nonsuit?"

Actually the only question on appeal is whether there was substantial evidence to support the plaintiff's allegations and in that connection it is well settled if there is any evidence offered which tends to support plaintiff's position the motion must be denied. And if there is evidence fairly susceptible of two constructions or if either of several inferences may be made, the trial court must take the view most favorable to plaintiff. In connection with the within action, the plaintiff's testimony alone was sufficient to require a denial of the motion. Six or seven pages of appellant's brief are devoted to references to the reporter's transcript relating not only to the plaintiff's testimony but to the testimony of other witnesses that tends to support plaintiff's contention.

The motion should have been denied.

The judgment is reversed and the cause remanded.

York, P. J., and White, J., concurred.